(49 Misc. Rep. 311.)

DETWILER et al. v. PATRICK HIRSCH CO. et al.

(Supreme Court, Special Term, New York County.   February, 1906.)

INJUNCTION—DISPUTED FACTS.

Defendants held a note for $31,000, and another note made by the same party for a larger sum as collateral, together with certain bonds.   Plaintiffs offered to pay the $31,000 note to defendants on the surrender of the collateral, but the defendants refused so to do.   *Held*, in an action by the indorser of the collateral note, seeking to have the collateral note canceled, the facts being disputed, a temporary injunction restraining defendants from selling the collateral to any other person than plaintiff should be granted.

Action by one Detwiler and others against the Patrick Hirsch Company and others.   Motion for injunction pendente lite.   Granted.

Davies, Stone & Auerbach (Herbert Barry, of counsel), for plaintiffs.
Pavey & Moore (Frank D. Pavey, of counsel), for defendant Barnum & Co.

BLANCHARD, J.   This is an application for an order restraining defendant Barnum & Co. from negotiating or transferring to any person, other than plaintiffs, pending the determination of this action, a note for $100,000, made by defendant Hirsch Company and indorsed by plaintiffs.   The action is brought for a decree that the $100,000 note is not negotiable, and that it be canceled, and that Barnum & Co., the present holder thereof, be restrained from delivering said note to any one save plaintiffs.   The facts presented by the moving and reply affidavits and the verified pleadings are as follows:   The Hirsch Company made a note for $31,281.25, dated November 27, 1905, and indorsed by its treasurer, the defendant Clauss, and payable to Barnum & Co.   Said note is alleged to have been a renewal of a previous note of like tenor given for an indebtedness of the Hirsch Company to Barnum & Co.   At the time Clauss gave said renewal note to Barnum & Co., as appears inferentially from the replying affidavits, Clauss also deposited therewith, as collateral security, the $100,000 note above mentioned, which was indorsed by plaintiffs, and reads as follows:

"Collateral Note No. 17. $100,000.

"One year after date we promise to pay to the order of Patrick Hirsch Co. one hundred thousand 00 dollars, with 6 per cent. interest per annum, payable annually until paid, without defalcation, for value received, payable at National Bank of Toledo, having deposited therewith as collateral security 20 bonds, Nos. 1104 to 1123, inc.; 134 bonds, Nos. 917 to 1050 inc. of the Toledo, Ann Arbor & Detroit R'y Co., which authorizes the holder of this note, upon its nonpayment at or after maturity, without further notice or further delay, to sell, either at public or private sale, and to apply proceeds, or as much thereof as may be necessary, to the payment of this note, and all necessary expenses and charges, holding ———— responsible for any deficiency, and authorizing the transfer or assignment of said ———— to the purchase.   The right to statutory liens is waived by the acceptance of this note.
        "[Signed]                 · Patrick Hirsch Co., J. H. Clauss, Tr."

Plaintiffs alleged that the $100,000 note above mentioned was indorsed by plaintiffs in October, 1905, and delivered to Clauss, on the expressed understanding that it was to be used only with another note for $200,-

000, for the purpose of raising money for future construction work to be performed by the Hirsch Company for the Toledo, Ann Arbor & Detroit Railway Company, and that none of the indorsers should incur any liability unless the full amount of money so required should be provided for the use of the Hirsch Company, nor unless the bonds mentioned in said $100,000 note should accompany said note. Whether Barnum & Co. had notice of this understanding when they received the note is a matter of dispute, and whether plaintiffs had notice before November 27, 1905, of Clauss' intention to transfer said note to Barnum & Co., as security for the $31,000 note, is also disputed. The $100,000 note was received by Barnum & Co. without the bonds therein mentioned; and at the time of transfer the words "November 27, 1905," were inserted in the blank for the date. On December 27, 1905, the $31,000 note fell due and was not paid. Plaintiffs allege that not until subsequent to that date did they have notice that Clauss had transferred the $100,000 note; that a representative of plaintiffs called upon Barnum & Co. and stated that, rather than have the $100,000 note pass into other hands, they would prefer to purchase the $31,000 note; but that since Barnum & Co., although requested, refused to admit the possession of either note, no actual offer to purchase was made. Subsequently plaintiff's representative again called upon Barnum & Co. and was shown a $31,000 note, dated December 27, 1905, which did not bear Clauss' indorsement. The $100,000 note was then unaccompanied by the bonds therein mentioned. Plaintiffs, upon being informed of these facts, instructed their representative not to purchase the $31,000 note, but to institute the present action. In explanation of these facts Barnum & Co. allege that plaintiffs offered to pay the $31,000 note provided said note bearing Clauss' indorsement be assigned to plaintiffs; that Clauss claimed that plaintiffs had agreed with him to pay the $31,000 note provided Barnum & Co. give plaintiffs a renewal note of the Hirsch Company for $31,281.25 without Clauss' indorsement, accompanied by the $100,000 note, together with 38 bonds of the Toledo, Ann Arbor & Indiana Railway Company, as security; that in contemplation of such exchange Clauss delivered to Barnum & Co. a note of the Hirsch Company not bearing Clauss' indorsement, together with 38 bonds; that Barnum & Co. refused to accept said note and bonds in place of the $31,000 note bearing Clauss' indorsement, but agreed to receive said note and bonds for the sole purpose of offering them for sale to plaintiffs, in accordance with Clauss' instructions, but that plaintiffs had refused so to purchase. Upon the affidavit of Barnum & Co. the facts show an offer by plaintiffs to pay the $31,000 note for which the $100,000 note was given as security. The facts further show an evasion of that offer by Barnum & Co., who tendered to plaintiffs a different note. The right of the surety to recover from the creditor the security upon paying the principal debt is well settled. Barnum & Co., in their effort to carry out an agreement to which they were not parties, and which is alleged to have been made between Clauss and plaintiffs, appear to have infringed upon the clear right which plaintiffs had as sureties upon the $31,000 note of the Hirsch Company which Clauss had indorsed. Upon payment of the latter note plaintiffs would seem entitled to receive from Barnum &

Co. that note, together wtih the $100,000 note above mentioned: Since the firm of Barnum & Co., upon the facts stated in their own affidavit, appear thus to have evaded an offer of payment made by the plaintiffs, the motion for an injunction pendente lite is granted.

Motion granted.